## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------x

PATRICIA GUNSSER,
PAUL GUNSSER,                                                     No.: 2:26-cv-3438
248 West 4th Street,
Red Hill, PA 18076

                          Plaintiffs,

       v.                                                     JURY TRIAL DEMANDED

DEUTSCHE LUFTHANSA
AKTIENGESELLSCHAFT,
A foreign corporation,
Venloer Street 151-153
50672 Cologne
Germany,

EW DISCOVER GmbH d/b/a DISCOVER
AIRLINES, a foreign corporation,
Hugo-Eckener-Ring 1
FAC, Building 234, D7.01
60549 Frankfurt am Main
Germany,

                      Defendants.

-----------------------------------------------------------x

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, Defendants Deutsche Lufthansa Aktiengesellschaft and

EW Discover GmbH d/b/a Discover Airlines (collectively, the "Lufthansa Defendants"), by and

through their counsel, Clyde & Co US LLP, hereby removes the above-captioned action to the

United States District Court for the Eastern District of Pennsylvania from the Court of Common

Pleas of Philadelphia County, Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and

1446.  In support, the Lufthansa Defendants state as follows:

## STATEMENT OF CASE

1. On or about April 17, 2026, Plaintiffs Patricia Gunsser and her husband, Paul

Gunsser (collectively, "Plaintiffs," unless otherwise identified individually), filed a complaint in

the Pennsylvania Court of Common Pleas, Philadelphia County, which is docketed at Case No. 260402416, against Defendants Deutsche Lufthansa Aktiengesellschaft and EW Discover GmbH d/b/a Discover Airlines.  A true and correct copy of Plaintiffs' complaint is attached hereto as Exhibit A.

2.    Counsel for the Lufthansa Defendants accepted service of the complaint on April 27, 2026.  *See* Exhibit B.  Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446, as it is being filed within thirty (30) days of service.

3.    In their complaint, Plaintiffs allege that on or about November 29, 2025, Lufthansa operated a flight from Philadelphia, Pennsylvania USA to Frankfurt, Germany ("Lufthansa Flight 4Y51"), which landed in Frankfurt on November 30, 2025.  Compl., ¶¶ 12, 17. Plaintiff Patricia Gunsser allegedly suffered injuries when she slipped on a metal stairway while disembarking from the aircraft.  Specifically, Mrs. Gunsser alleged that she suffered, *inter alia*, a concussion, fractures of her clavicle and sternum, a cardiac contusion, and multiple other wounds.  *See, e.g.,* Compl., ¶¶ 27-39.

4.    Plaintiffs seek damages for Mrs. Gunsser's injuries and Mr. Gunsser's loss of consortium pursuant to the Montreal Convention.  *See* Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, I.C.A.). 9740, S. Treat Doc., No. 106-45.

5.    The Lufthansa Defendants deny liability.

## LEGAL STANDARDS AND GROUNDS FOR REMOVAL

6.    Removal is appropriate because this action is brought pursuant to the Montreal Convention thereby creating federal subject matter jurisdiction.  28 U.S.C. § 1331; *See, also e.g., Lee v. AMR Corp. (d/b/a American Airlines*), 2015 WL 3797330, *2, 4 (E.D. Pa. June 18, 2015) (citations omitted) (the Montreal Convention is a treaty of the United States, which governs the

rights and liabilities of international air carriers and passengers).  Thus, this Court is properly vested with subject matter jurisdiction.  *Id.*

7.     Removal is also and/or alternatively appropriate because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

8.     At all material times hereto, including at the time this action was commenced and this notice filed, Plaintiffs resided, are currently domiciled and maintain a principal place of residence in Montgomery County, Pennsylvania.  *See* Compl., ¶¶ 1-2.

9.     The Lufthansa Defendants are and were and at all material times hereto, foreign corporations.  Lufthansa is a foreign corporation with its principal place of business in Cologne, Germany.  *See* Compl., ¶ 3.  Discover Airlines, a wholly owned subsidiary of Lufthansa, is a foreign corporation with its principal place of business in Frankfurt, Germany.  *See* Compl., ¶ 4.

10.     The amount in controversy, derived from the face of the complaint, exceeds $75,000.  *See, e.g., McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 397-98 (3rd Cir. 2004).

11.     In this action, Plaintiffs seek damages for Mrs. Gunsser's "serious physical harm including, but not limited to, head injuries, fractures, internal injuries, scarring, and related physical injuries," which she claims are permanent, together with pain and suffering, embarrassment and humiliation, disability, disfigurement, mental anguish, loss of enjoyment of life, and medical expenses.  Compl., ¶¶ 48, 50, 62, 64.  Mr. Gansser seeks damages for loss of consortium.  Compl., ¶¶ 49, 63. Additionally, both plaintiffs seek attorneys' fees and costs.

12.     In support of their claims for damages, Plaintiffs allege that Mrs. Gunsser's injuries required a two-week hospital stay. Surgical intervention for her clavicle fracture was not

initially performed at the time of her physician's recommendation because of her high pain levels and overall conditions.  *See* Compl., ¶ 31. Mrs. Gunsser pleaded that her injuries were severe such that she required medical clearance and special accommodations for air transport back to her home in the United States. *Id.*, ¶ 32.

13.    In addition, Mrs. Gunsser pleaded that the Lufthansa Defendants failed to ensure a timely and safe trip back to the United States so that she could receive the necessary medical care.  *Id.*, ¶ 34.  Furthermore, Plaintiffs asserted that, during the second attempt to return to the United States, and while still undergoing treatment for the "severe injuries she sustained in the fall," Mrs. Gunsser allegedly experienced acute medical deterioration because of the physical and mental stress she endured as a result of the accident.  *Id.*, ¶ 36. This experience, they claim, resulted in an unscheduled landing in Ireland, where Mrs. Gunsser was transferred by ambulance to University Hospital Limerick where she was diagnosed with a serious injection that required additional hospitalization and treatment.  *Id.*, ¶ 37.  Because of her injuries and the related complications, Mrs. Gunsser remained abroad for approximately six weeks before she was able to return to the United States on January 11, 2026.  *Id.*, ¶¶ 37-39.

14.    These allegations are sufficient to establish that the amount in controversy is satisfied.  *See, e.g., Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (*citing Hunt v. Washington State Apple Advertising Comm'n.*, 432 U.S. 333, 347 (1997) ("The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.")

15.    This Notice of Removal is undeniably timely. Plaintiffs' complaint was filed in the Philadelphia Pennsylvania Court of Common Pleas on April 17, 2026.  Counsel for the Lufthansa Defendants received a copy of the complaint on April 21, 2026, and formally accepted

service thereof on April 27, 2026.  *See* Exhibit B.  This Petition is being filed on May 19, 2026, which is within the 30 days permitted by 28 U.S.C. § 1446.  *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 244 (1999) (proper formal service is a necessary prerequisite that must be satisfied before the clock starts to run on removal).

16.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 118(a) and 1441(a) because the United States District Court for the Eastern District of Pennsylvania is the federal judicial district in which the Pennsylvania Court of Pleas for Philadelphia County sits.

17.     A copy of this Notice will be served on Plaintiffs as required by 28 U.S.C. § 1446(d).

18.     In removing this action to federal court, the Lufthansa Defendants expressly reserve, and do not waive, any and all rights and defenses they have or may have.

**WHEREFORE**, Notice is given that the above-captioned action pending in the Pennsylvania Court of Common Pleas, Philadelphia County (Case No. 260402416) is hereby removed to the United States District Court for the Eastern District of Pennsylvania.

Date: May 19, 2026                              Respectfully submitted,

**CLYDE & CO US LLP**

*/s/ Dana Baiocco*
Dana Baiocco, Esq. (PA Bar #81187)
1775 Pennsylvania Ave. NW, Suite 400
Washington, DC  20006

1515 Market Street, Suite 1200
Philadelphia, PA 19103
Phone: (202) 747-5100
Email: dana.baiocco@clydeco.us

Counsel for Defendants Deutsche Lufthansa
Aktiengesellschaft and EW Discover GmbH d/b/a
Discover Airlines

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that on the date below, a true and correct copy of the foregoing Notice of Removal and exhibits thereto were served via United States First Class Mail and e-mail, to the recipients below.

Michael L. Barbiero, Esquire
**CLARKE GALLAGHER BARBIERO AMUSO & GLASSMAN LAW**
1300 Virginia Drive, Suite 405
Fort Washington, PA 19034
*Counsel for Plaintiffs*

Ricardo M. Martinez-Cid, Esquire
Lea P. Bucciero, Esq.
Zachary S. Gorwitz, Esq.
**PODHURST ORSECK, P.A.**
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
*Counsel for Plaintiffs*

Date: May 19, 2026                    **CLYDE & CO US LLP**

*/s/ Dana Baiocco*
Dana Baiocco, Esq.

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Patricia Gunsser | Deutsche Lufthansa Aktiengesellschaft, a foreign corporation |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 248 West 4th Street<br>Red Hill, PA 18076 | Venloer Street 151-153<br>50672 Cologne Germany |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Paul Gunsser | EW Discovery GmbH d/b/a Discover Airlines, a foreign corporation |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 248 West 4th Street<br>Red HIll, PA 18076 | Hugo-Eckener-Ring 1, FAC, Building 234, D7.01<br>60549 Frankfurt am Main Germany |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Minor Court Appeal<br>☐ Statutory Appeals<br>☐ Commerce (Completion of Addendum Required) | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

Negligence 2O

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| | Yes    No<br>☐    ☐<br>☐    ☐<br>☐    ☐ |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:   Patricia Gussner and Paul Gussner

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Michael L. Barbiero, Esq. | 1300 Virginia Drive, Suite 405<br>Fort Washington, PA 19034 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| 215.633.1890 | 215.633.1830 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 82933 | mbarbiero@cgbaglaw.com |

| SIGNATURE | DATE |
|---|---|
| *Mr J Barbiero* | 4/16/2026 |

01-101 (Rev. 6/08)

Case ID: 260402416

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS OF PHILADELPHIA**

Filed and Attested by the
Office of Judicial Records
17 APR 2026 09:05 am
L. BREWINGTON

Patricia Gussner and Paul Gussner,

   Plaintiffs

                JURY TRIAL DEMANDED

Deutsche Lufthasna Aktiengelsellschaft,
a foreign corporation, and
EW Discover GmbH d/b/a Discovery Airlines,
a foreign corporation

Defendants

        **NOTICE TO DEFEND**

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333**<br>**TTY (215) 451-6197** |

Case ID: 260402416

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| PATRICIA GUNSSER,<br>PAUL GUNSSER,<br>248 West 4th Street,<br>Red Hill, PA 18076 | : | No. |
| Plaintiffs, | : | |
| v. | : | |
| DEUTSCHE LUFTHANSA<br>AKTIENGESELLSCHAFT,<br>a foreign corporation,<br>Venloer Street 151–153<br>50672 Cologne<br>Germany, | : | |
| EW DISCOVER GmbH d/b/a DISCOVER<br>AIRLINES, a foreign corporation,<br>Hugo-Eckener-Ring 1<br>FAC, Building 234, D7.01<br>60549 Frankfurt am Main<br>Germany, | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

---

**CIVIL ACTION COMPLAINT FOR DAMAGES**

Pursuant to Article 17 of the Montreal Convention, Plaintiffs Patricia Gunsser and Paul Gunsser sue Defendants Deutsche Lufthansa Aktiengesellschaft ("Lufthansa") and EW Discover GmbH d/b/a Discover Airlines ("Discover") for damages and in support thereof, allege as follows:

**PARTIES**

1.      At all times material, Plaintiff Patricia Gunsser's principal and permanent place of residence is in Montgomery County, Pennsylvania.

2.      At all times material, Plaintiff Paul Gunsser was and is the lawful husband of

Case ID: 260402416

Patricia Gunsser. His principal and permanent place of residence is in Montgomery County, Pennsylvania.

3.    At all times material, Defendant Lufthansa was and is a foreign corporation with its principal place of business in Cologne, Germany.

4.    At all times material, Defendant Discover was and is a foreign corporation with its principal place of business in Frankfurt, Germany. Discover is a wholly-owned subsidiary of Lufthansa and operates as Lufthansa's leisure airline. Discover is a commercial air carrier with its own air operator's certificate, flight crews, and aircraft fleet.

## JURISDICTIONAL ALLEGATIONS

5.    This is an action for damages in excess of Twelve Thousand Dollars ($12,000.00), exclusive of interest, costs, and attorney's fees.

6.    This action arises under the Montreal Convention. Pursuant to Article 17 of the Montreal Convention, a carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of embarking or disembarking.

7.    Pursuant to Article 33(2) of the Montreal Convention, jurisdiction is proper in the United States because Plaintiffs' principal and permanent place of residence was in Pennsylvania at the time of the accident on November 30, 2025, and Lufthansa and Discover operate commercial air services for the carriage of passengers to and from the United States, including Pennsylvania.

8.    Pursuant to 42 Pa.C.S. § 5322(a)(1) and (2), this Court has personal jurisdiction over Lufthansa and Discover because Lufthansa and Discover transact business and contract to supply air transportation services within the Commonwealth of Pennsylvania, including operating scheduled international flights to and from Philadelphia International Airport and contracting with

2

Case ID: 260402416

Pennsylvania residents for international carriage, such that the exercise of personal jurisdiction comports with due process.

9.      Venue is proper pursuant to Pennsylvania Rule of Civil Procedure 2179(a)(2) because Defendants Lufthansa and Discover regularly conduct business in Philadelphia County, including operating multiple weekly flights between Philadelphia International Airport and Frankfurt, Germany.

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

10.     On November 29, 2025, Lufthansa and Discover were commercial air carriers engaged in the business of transporting fare-paying passengers on regularly scheduled international flights in aircraft owned, leased, operated, managed, maintained, and/or controlled by Lufthansa and Discover and their agents, representatives, and/or employees.

11.     As a common carrier, Lufthansa and Discover were and are obliged to provide the highest degree of care to their passengers.

12.     On November 29, 2025, Lufthansa and Discover were the owners, operators, and/or entities in control of Lufthansa Flight 4Y51, Ticket No. 2202220771353, with service from Philadelphia, Pennsylvania to Frankfurt, Germany (the "subject flight"). Discover performed and operated the subject flight by virtue of authority from Lufthansa.

13.     On November 29, 2025, Patricia Gunsser was a paying passenger on the subject flight, having contracted with Lufthansa for international carriage.

14.     Under this arrangement, Discover was the actual carrier within the meaning of Article 39 of the Montreal Convention, having performed the carriage by virtue of authority from Lufthansa, the contracting carrier.

15.     Lufthansa was the contracting carrier within the meaning of Article 39 of the

3

Case ID: 260402416

Montreal Convention, having as a principal made a contract of carriage governed by the Convention with Patricia Gunsser for international air transportation on the subject flight. Discover, by virtue of authority from Lufthansa, performed the whole of the carriage.

16.    Pursuant to Article 41(1) of the Montreal Convention, the acts and omissions of Discover and of its servants and agents within the scope of their employment are also those of Lufthansa.

17.    On November 30, 2025, the subject flight landed at Frankfurt Airport, where it was raining heavily.

18.    Despite the poor weather conditions, Discover did not park the aircraft at a covered jet bridge.

19.    Instead, the aircraft parked at a remote spot on the tarmac.

20.    The exterior surfaces of the aircraft, as well as the portable stairs used for disembarkation and surrounding tarmac, were wet.

21.    Discover directed passengers to exit through an exterior door and descend the wet, metal stairway.

22.    Discover did not effectively shield the metal stairs or otherwise shield passengers from the rain. The handrail and stairs were wet from rain.

23.    The stairs had no anti-slip grip strips or rubberized treads.

24.    Passengers would then be required to walk across the rain-soaked tarmac to board a shuttle bus for transport to the terminal.

25.    Before descending, Patricia Gunsser and her daughter paused at the top of the staircase to discuss how to safely manage the descent. Ms. Gunsser's daughter took Ms. Gunsser's suitcase so that Ms. Gunsser could safely descend.

Case ID: 260402416

26.     A Discover flight attendant standing at the aircraft door observed this interaction, could see that Ms. Gunsser's daughter was carrying both suitcases to allow Ms. Gunsser to use the railing, and directed them to proceed down the stairs without offering any assistance. The Discover flight attendant rushed Ms. Gunsser and her daughter off the aircraft because there were other passengers waiting to descend.

27.     Ms. Gunsser slipped approximately five steps from the top of the staircase. She tumbled down the stairs, striking multiple steps as she fell, and ultimately came to rest on the tarmac after falling approximately two-thirds of the length of the staircase.

28.     As a result of the fall, Patricia Gunsser sustained significant bodily injuries including but not limited to a concussion, fractures of the clavicle and sternum, a cardiac contusion, and multiple other wounds.

29.     Immediately following the fall, Patricia Gunsser required emergency medical attention and was transported by ambulance to Varisano Hospital in Frankfurt, Germany.

30.     Ms. Gunsser remained at Varisano Hospital for approximately two weeks.

31.     At the hospital, Patricia Gunsser was evaluated and treated for her injuries. Surgical intervention for her clavicle fracture was not performed at the time at the physician's recommendation because of her high pain levels and overall condition, and she was discharged with instructions to obtain further orthopedic care upon her return to the United States.

32.     Due to the severity of her injuries, Ms. Gunsser required medical clearance and special accommodations for air transport back home to the United States.

33.     Ms. Gunsser and her daughter were in regular communication with Lufthansa and Discover regarding her medical clearance and travel arrangements necessary to secure Ms. Gunsser's safe repatriation back to the United States.

Case ID: 260402416

34.　Lufthansa and Discover failed to ensure a timely and safe trip back to the United States so that Ms. Gunsser could receive the necessary medical care.

35.　The first time that Ms. Gunsser attempted to return to the United States, Ms. Gunsser was forced to wait on a stretcher at the airport for a prolonged period and Lufthansa and Discover ultimately failed to ensure the necessary medical personnel could accompany Ms. Gunsser. Lufthansa instructed Ms. Gunsser to return the next day for a second attempt to fly home.

36.　During a subsequent medically arranged return flight operated by Lufthansa, and while still under treatment for the severe injuries she sustained in the fall, Patricia Gunsser experienced acute medical deterioration as a result of the physical and mental stress she endured as a result of the accident.

37.　As a result of this medical emergency, the aircraft was required to make an unscheduled landing in Ireland, where Patricia Gunsser was transferred by ambulance to University Hospital Limerick. She was thereafter diagnosed with a serious infection and required additional hospitalization and treatment.

38.　As a direct result of the injuries sustained in the subject accident and the complications arising from their treatment, Patricia Gunsser was forced to remain abroad for approximately six weeks before she was medically cleared to return to the United States.

39.　She returned to the United States on January 11, 2026.

## COUNT I
## Claim for Damages Against Discover Under the Montreal Convention

40.　Plaintiffs incorporate by reference all preceding paragraphs above as if fully set forth herein.

41.　At the time of Plaintiff Patricia Gunsser's injury on November 30, 2025, the Montreal Convention, which governs international carriage by air, was in full force and effect.

6

Case ID: 260402416

42. At the time of her injury, Plaintiff Patricia Gunsser was engaged in international carriage as defined in Article 1(2) of the Montreal Convention and the same is, therefore, applicable to this action pursuant to Article 1(1) of the Montreal Convention.

43. Pursuant to Articles 17 and 39–41 of the Montreal Convention, Discover is liable for damage sustained in case of bodily injury of a passenger upon condition only that the accident which caused the injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

44. The events described herein constitute an accident within the meaning of the Montreal Convention.

45. On November 30, 2025, as a result of Discover's negligence and through no fault of her own, Plaintiff Patricia Gunsser sustained serious bodily injuries while in the course of disembarking from the subject flight.

46. Plaintiff Patricia Gunsser's injuries were due to the negligence or other wrongful act or omission of Discover and its servants, employees, representatives, and/or agents, and her injuries were not solely due to the negligence or other wrongful act or omission of a third party.

47. Discover's negligence and misconduct includes, but is not limited to, the following:

   a. Failing to park the aircraft at a covered jet bridge despite ongoing heavy rainfall;

   b. Directing passengers to disembark via a wet exterior metal stairway exposed to rain;

   c. Failing to protect passengers from slipping while requiring them to descend wet stairs;

   d. Failing to provide warnings, assistance, or additional safety measures in light of the stairs' wet and slippery conditions;

   e. Failing to take reasonable precautions to ensure safe disembarkation under known hazardous weather conditions; and

7

Case ID: 260402416

f.      Failing to ensure the prompt and safe transportation of Plaintiff back to the United States.

48.     As a direct and proximate result of the foregoing and the bodily injuries sustained by Plaintiff Patricia Gunsser in the accident described above, she suffered and claims damages for serious physical harm including, but not limited to, head injuries, fractures, internal injuries, scarring, and related physical injuries, together with pain and suffering, embarrassment and humiliation, disability, disfigurement, mental anguish, loss of enjoyment of life, and medical expenses.

49.     As a direct and proximate result of those bodily injuries, Plaintiff Paul Gunsser has sustained derivative damages, including the loss of his wife's companionship, comfort, assistance, services, and consortium.

50.     These injuries and losses are permanent in nature, and Plaintiffs will continue to suffer damages in the future.

WHEREFORE, Plaintiffs Patricia Gunsser and Paul Gunsser demand judgment against Defendant Discover for compensatory damages, reasonable attorneys' fees, costs, and such other relief as this Court deems appropriate.

## COUNT II
### Claim for Damages Against Lufthansa Under the Montreal Convention

51.     Plaintiffs incorporate by reference all preceding paragraphs above as if fully set forth herein.

52.     At the time of Plaintiff Patricia Gunsser's injury on November 30, 2025, the Montreal Convention, which governs international carriage by air, was in full force and effect.

53.     At the time of her injury, Plaintiff Patricia Gunsser was engaged in international carriage as defined in Article 1(2) of the Montreal Convention and the same is, therefore,

8

Case ID: 260402416

applicable to this action pursuant to Article 1(1) of the Montreal Convention.

54. Lufthansa was the contracting carrier within the meaning of Article 39 of the Montreal Convention, having entered into the contract of carriage with Plaintiff Patricia Gunsser for the subject flight.

55. Discover performed the subject flight as the actual carrier by virtue of authority from Lufthansa.

56. Pursuant to Article 41(1) of the Montreal Convention, the acts and omissions of Discover and of its servants and agents acting within the scope of their employment are deemed to be those of Lufthansa.

57. Pursuant to Articles 17 and 39–41 of the Montreal Convention, Lufthansa is liable for damage sustained in case of bodily injury of a passenger upon condition only that the accident which caused the injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

58. The events described herein constitute an accident within the meaning of the Montreal Convention.

59. On November 30, 2025, as a result of Lufthansa's negligence and through no fault of her own, Plaintiff Patricia Gunsser sustained serious bodily injuries while in the course of disembarking from the subject flight.

60. Plaintiff Patricia Gunsser's injuries were due to the negligence or other wrongful act or omission of Lufthansa and its servants, employees, representatives, and/or agents, and her injuries were not solely due to the negligence or other wrongful act or omission of a third party.

61. Lufthansa is liable for the negligence and misconduct including, but not limited to, the following:

Case ID: 260402416

a.  Failing to park the aircraft at a covered jet bridge despite ongoing heavy rainfall;

b.  Directing passengers to disembark via a wet exterior metal stairway exposed to rain;

c.  Failing to protect passengers from slipping while requiring them to descend wet stairs;

d.  Failing to provide warnings, assistance, or additional safety measures in light of the stairs' wet and slippery conditions;

e.  Failing to take reasonable precautions to ensure safe disembarkation under known hazardous weather conditions; and

f.  Failing to ensure the prompt and safe transportation of Plaintiff back to the United States.

62.  As a direct and proximate result of the foregoing, Plaintiff Patricia Gunsser suffered and claims damages for serious physical harm including, but not limited to, head injuries, fractures, internal injuries, scarring, and related physical injuries, together with pain and suffering, embarrassment and humiliation, disability, disfigurement, mental anguish, loss of enjoyment of life, aggravation of her injuries resulting from the delay in repatriation, and medical expenses.

63.  As a direct and proximate result of the foregoing, Plaintiff Paul Gunsser has sustained derivative damages, including the loss of his wife's companionship, comfort, assistance, services, and consortium.

64.  These injuries and losses are permanent in nature, and Plaintiffs will continue to suffer damages in the future.

WHEREFORE, Plaintiffs Patricia Gunsser and Paul Gunsser demand judgment against Defendant Lufthansa for compensatory damages, reasonable attorneys' fees, costs, and such other relief as this Court deems appropriate.

Respectfully submitted,

10

Case ID: 260402416

**CLARKE GALLAGHER BARBIERO
AMUSO & GLASSMAN LAW**

Dated: April 16, 2026        By:    _____

Michael L. Barbiero, Esquire
PA I.D. No.:  82933
1300 Virginia Drive, Suite 405
Fort Washington, PA  19034
(215) 633-1890
MBarbiero@cgbaglaw.com
*Attorney for Plaintiffs*

**PODHURST ORSECK, P.A.**
Ricardo M. Martínez-Cid (*Pro Hac Vice Pending)*
Lea P. Bucciero (*Pro Hac Vice Pending)*
Zachary S. Gorwitz(*Pro Hac Vice Pending)*
2525 Ponce de Leon Blvd., Suite 700
Coral Gables, FL 33134
Telephone: (305) 358-2800
rmcid@podhurst.com
LBucciero@podhurst.com
zgorwitz@podhurst.com
rmcteam@podhurst.com
*Attorneys for Plaintiffs*

11

Case ID: 260402416

Docusign Envelope ID: 5F1B6BEA-3D7F-8C5F-83D9-73B4EF066BD2

Plaintiffs Patricia Gunsser and Paul Gunsser demand a trial by jury of all issues so triable as of right.

Dated this _____ day of April, 2026.

## VERIFICATION

I, Patricia Gunsser, Plaintiff, verify that the facts set forth in the foregoing are true and correct to the best of my information, knowledge and belief.

I understand that the statements contained herein are subject to the Penalties of 18 Pa.C.S., Section 4904 relating to unsworn falsification to authorities.

Patricia Gunsser
DocuSigned by:
*Patricia Gunsser*
DADED3041D6D49D...

Date: 4/11/2026

## VERIFICATION

I, Paul Gunsser, Plaintiff, verify that the facts set forth in the foregoing are true and correct to the best of my information, knowledge and belief.

I understand that the statements contained herein are subject to the Penalties of 18 Pa.C.S., Section 4904 relating to unsworn falsification to authorities.

Paul Gunsser
DocuSigned by:
*Paul Gunsser*
DADED3041D6D49D...

Date: 4/11/2026

11

Case ID: 260402416

# EXHIBIT B

**From:** Carlsen, Christopher
**Sent:** Monday, April 27, 2026 12:01 PM
**To:** 'Zachary S. Gorwitz' <zgorwitz@podhurst.com>
**Cc:** (RMC Team) <RMCTeam@PODHURST.com>; Michael Barbiero <mbarbiero@cgbaglaw.com>; Ashley Dayoub <adayoub@cgbaglaw.com>; Tess McDonough <tmcdonough@cgbaglaw.com>; Michael Dorfschneider <mdorfschneider@cgbaglaw.com>
**Subject:** RE: Patrica Gunsser v EW Discover GmbH, D/I: November 30, 2025, Clyde Ref: 10797176 [CC-US.147263.10797161]

Hi Zach.  Yes, received authority this morning.

Chris

**Christopher Carlsen**
Clyde & Co US LLP
**Direct Dial:** +1 212 710 3930 | **Mobile:** +1 347 387 0301

 | 2 Grand Central Tower | 140 E 45th Street | Suite 26A | New York | NY 10017 | USA
Main +1 212 710 3900 | Fax +1 212 710 3950 | **www.clydeco.us**

 Please consider the environment before printing

---

**From:** Zachary S. Gorwitz <zgorwitz@podhurst.com>
**Sent:** Monday, April 27, 2026 11:58 AM
**To:** Carlsen, Christopher <Christopher.Carlsen@clydeco.us>
**Cc:** (RMC Team) <RMCTeam@PODHURST.com>; Michael Barbiero <mbarbiero@cgbaglaw.com>; Ashley Dayoub <adayoub@cgbaglaw.com>; Tess McDonough <tmcdonough@cgbaglaw.com>; Michael Dorfschneider <mdorfschneider@cgbaglaw.com>
**Subject:** RE: Patrica Gunsser v EW Discover GmbH, D/I: November 30, 2025, Clyde Ref: 10797176 [CC-US.147263.10797161]

Chris, I just wanted to follow up on our conversation last week. Have you been able to confirm with your clients that you are authorized to accept service?

Thanks,
Zach

Zachary S. Gorwitz
Podhurst Orseck, P.A.
2525 Ponce de Leon Boulevard, Coral Gables, FL

1

305-358-2800
www.podhurst.com

---

**From:** Zachary S. Gorwitz <zgorwitz@podhurst.com>
**Sent:** Tuesday, April 21, 2026 11:56 AM
**To:** Carlsen, Christopher <Christopher.Carlsen@clydeco.us>
**Cc:** (RMC Team) <RMCTeam@PODHURST.com>; Michael Barbiero <mbarbiero@cgbaglaw.com>; Ashley Dayoub <adayoub@cgbaglaw.com>; Tess McDonough <tmcdonough@cgbaglaw.com>; Michael Dorfschneider <mdorfschneider@cgbaglaw.com>
**Subject:** RE: Patrica Gunsser v EW Discover GmbH, D/I: November 30, 2025, Clyde Ref: 10797176 [CC-US.147263.10797161]

Dear Chris,

I look forward to working with you on this matter. On Friday, we filed our complaint and I am attaching it here, along with initial discovery. Please confirm this will constitute service as you mentioned below. I believe you will need to file a certification that you are authorized to accept service with the court.

Best,
Zach

Zachary S. Gorwitz
Podhurst Orseck, P.A.
2525 Ponce de Leon Boulevard, Coral Gables, FL
305-358-2800
www.podhurst.com